**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GLOBAL FINANCE, LLC,**

      **Plaintiff,**

**v.**                                                                               **Case No.: 8:07-CV-0029-T-17EAJ**

**PAY PRO CARD CORPORATION,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff's **Motion to Tax Attorney's Fees and Costs** (Dkt. 33) and related documents (Dkt. 33, Ex. A-D; Dkt. 34) are before the court.[1]  Defendant is unrepresented and did not respond to Plaintiff's motion, despite an opportunity to do so.  Thus, the court considers the motion and proposed bill of costs without the benefit of a response, and Defendant is deemed to have no opposition to the relief Plaintiff requests.  See Local Rule 3.01, M.D. Fla.  Defendant did not appear at the court's July 3, 3008 hearing on the motion.[2]

Upon consideration, the undersigned recommends that Plaintiff's motion be granted and Plaintiff awarded $21,826.00 in attorneys' fees and $994.25 in costs (Dkt. 41).

**1.     Background**

On January 5, 2007, Plaintiff filed its complaint against Defendant for violation of Florida's civil theft statute (Fla. Stat. § 772.11), breach of contract, unjust enrichment, and conversion (Dkt.

---

[1]   The District Judge referred Plaintiff's motion to the undersigned for a report and recommendation (Dkt. 35).

[2]   Plaintiff's motion and notice of the court's hearing were served on Defendant by certified mail to Defendant's last known address; they were returned as undeliverable.

1).  Plaintiff alleged that Defendant did not return $75,000 in initial funding that Plaintiff had provided to Defendant under a letter of intent between the parties.  Plaintiff also alleged that Defendant did not issue convertible debentures to Plaintiff in violation of their agreement.  Plaintiff sought treble damages under Florida's civil theft statute.

Defendant's counsel moved to withdraw on January 24, 2008 (Dkts. 21, 22).  The court granted Defendant's motion on February 7, 2008, and gave it 20 days to retain new counsel (Dkt. 27).  Defendant did not find new counsel, and on March 11, 2008, Plaintiff moved for a default judgment (Dkt. 29).  The court entered a final default judgment against Defendant on March 28, 2008, in the amount of $225,000 plus interest ($75,000 plus treble damages on Plaintiff's civil theft claim) (Dkt. 32), and instructed Plaintiff to file a motion for fees and costs within 30 days.  Plaintiff filed a timely attorneys' fees motion (Dkt. 33) to which Defendant did not respond.  In fact, the court filings mailed to Defendant's last known address have been returned as undeliverable.  Plaintiff's counsel states that it last had contact with a representative of Defendant in January, 2008.

**2.     Attorneys' Fees and Costs under Florida Law**

Plaintiff requests $21,826.00 in attorneys' fees and $644.25 in costs under Fla. Stat. § 772.11(1) and $864.38 in costs pursuant to 28 U.S.C. § 1920.  The Eleventh Circuit has held that state statutes allowing for recovery of attorneys' fees are substantive for diversity purposes, and state law should be followed.  McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001), cert. denied, 539 U.S. 914 (2003).[3]

Section 772.11(1), Fla. Stat., states in pertinent part:

---

[3]  Plaintiff is a Florida company, and Defendant is incorporated in Nevada.  The amount in controversy is in excess of $75,000 (Dkt. 1)

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of [Florida's criminal theft statute] has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. . . . In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs.  This section does not limit any right to recover attorney's fees or costs provided under any other law.

Fla. Stat. § 772.11(1).  The entry of a default judgment against Defendant entitles Plaintiff to reasonable attorneys' fees and costs under Fla. Stat. § 772.11(1).

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  The Florida Supreme Court has also adopted the lodestar approach for the computation of reasonable attorney's fees.[4]  An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman v. Housing Auth., 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary.  Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  As the Eleventh Circuit noted:

> "the court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiff attaches detailed billing records and related documents to its motion that

---

[4]See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985).

3

substantiate its request for fees.[5]  These records indicate Plaintiff's attorneys and paralegals worked

a total of 80.3 hours on the case from September 12, 2006, through February 25, 2008.  Partner time

was billed at a rate of $350.00 to $400.00 per hour for 18.8 hours, associate time was billed at a rate

of $195.00 to $285.00 per hour for 58.0 hours, and paralegal time was billed at a rate of $170.00 to

$190.00 per hour for 8.5 hours (Dkt. 33, Ex. B, D).  The law firm of Kirkpatrick & Lockhart Preston

Gates Ellis, LLP of Miami, Florida employed all of these professionals.

The hourly rates charged were reasonable given the skill, experience, and reputation of

Plaintiff's attorneys and paralegals and the prevailing market rates for this type of legal work.  From

a review of the time sheets submitted, the number of hours each attorney and paralegal claims is not

excessive, nor do these times contain redundant or otherwise unnecessary hours.  Pursuant to Fla.

Stat. § 772.11(1), in awarding Plaintiff its fees and costs, the court does not consider Pay Pro's

ability to pay this amount.

In conclusion, the number of hours Plaintiff's attorneys spent were hours reasonably

expended on this matter and the hourly rates billed were also reasonable.   Under the Eleventh

Circuit's lodestar calculation, Plaintiff should be granted an award of attorneys' fees as follows:

$6,595.00 for 18.8 hours of work performed by attorney April Boyer from 2006-2008; $11,536.50

for 49.70 hours of work performed by attorney Robert Leitner from 2006-2008; $1,954.50 for 7.3

hours of work performed by attorney Rebecca Kibbe for work performed in 2007-2008; $195.00 for

one hour of work performed by attorney Karen Finesilver in 2007; $950.00 for five hours of work

performed by paralegal Jan Blanck in 2008; and $595.00 for 3.5 hours of work performed by

---

[5]  Plaintiff's counsel's billing records are redacted in places to avoid divulging information protected by either the work product doctrine or the attorney-client privilege.  This practice is appropriate.

paralegal Diane Larghi in 2007.[6]  This totals $21,826.00 in fees.

Costs in the amount of $644.25 (including $562.50 in mediation fees) are also substantiated by Plaintiff's records and the circumstances of this case and are appropriately awarded under Florida's civil theft statute.  See Fla. Stat. § 772.11(1); (Dkt. 33, Ex. D).

**3.      Costs under 28 U.S.C. § 1920**

Plaintiff also seeks $864.38 in costs pursuant to 28 U.S.C. § 1920 and submits a proposed bill of costs in support of this request (Dkt. 33, Ex. C; Dkt. 34).  Rule 54(d) provides that costs other than attorneys' fees "should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party that the opposing party must overcome.  Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001) (citing Manor Heathcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991)).  Here, the entry of a default judgment against Defendant renders Plaintiff the prevailing party.

In taxing costs under Rule 54(d)(1), the district court may tax only those costs explicitly authorized by statute.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).  Under 28 U.S.C. § 1920, the following costs may be taxed: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter . . . ; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters,

---

[6] The hourly rates of each of the legal professionals increased from 2006 to 2008. Ms. Boyer performed 3.4 hours of work in 2006 at a rate of $325.00 per hour, 13.4 hours of work in 2007 at a rate of $350.00 per hour, and 2.0 hours of work in 2008 at a rate of $400.00 per hour.  Mr. Leitner performed 7.2 hours of work in 2006 at a rate of $185.00 per hour, 31.8 hours of work in 2007 at a rate of $225.00 per hour, and 10.7 hours of work in 2008 at a rate of $285.00 per hour.  Ms. Kibbe performed 6.3 hours of work at a rate of $265.00 per hour in 2007 and one hour of work at a rate of $285.00 per hour in 2008 (Dkt. 33, Ex. D).

and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  28 U.S.C. § 1920.

Here, Plaintiff seeks $350.00 for court filing fees, $167.00 for service of the summons, and $347.38 for photocopying.  The $350.00 filing fee Plaintiff paid to the clerk of court for filing this action may be taxed as a cost under 28 U.S.C. § 1920(1).  An award of $167.00 in service fees, however, should be denied because Plaintiff does not provide documents indicating whether it retained a private process server or the United States Marshal Service ("USMS") and, if the USMS was utilized, the amount of time it took the USMS to effect service or the distance traveled.  EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding that costs for service of process may not exceed the amount allowed under statute for the United States Marshal's fees).  Without supporting documentation, Plaintiff should be denied service costs.

Photocopying costs may be recovered when "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue," and costs for "copies attributable to discovery" are recoverable under 28 U.S.C. § 1920(4).  W&O, 213 F.3d at 623 (citation omitted).  Although Plaintiff asserts it has incurred $347.38 for photocopies, it does not indicate the use or intended use of the documents and thus whether Plaintiff could have reasonably believed it was necessary to make the copies.  See Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (affirming denial of photocopying costs where plaintiff did not present evidence regarding the documents copied) (citation omitted); MBNA Am. (Delaware), N.A. v. Group Ins. Concepts, Inc., No. 8:05-CV-2114-T-27EAJ, 2006 WL 5159182 at * 4 (M.D. Fla. May 16, 2006).  An award for photocopying costs should be denied.

Thus, the undersigned **RECOMMENDS** that:

6

(1)     Plaintiff's **Motion to Tax Attorney's Fees and Costs** (Dkt. 33) be **GRANTED** as set forth above;

(2)     **The Clerk of Court be directed to tax attorneys' fees against Defendant in the amount of $21,826.00 and costs in the amount of $644.25 under Fla. Stat. § 772.11(1);**

(3)     Plaintiff's **Proposed Bill of Costs** (Dkt. 34) be **GRANTED in part**; and

(4)     **The Clerk of Court be directed to enter a Bill of Costs against Defendant and in favor of Plaintiff in the amount of $350.00 in costs under 28 U.S.C. § 1920**.

Dated: July 17th,  2008.


ELIZABETH A JENKINS
United States Magistrate Judge


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. 636(b)(1).


Copies to:
District Judge

7

Counsel/Parties of record